IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAY WEBER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00367-O-BP |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant BNSF Railway Company's ("BNSF") Bill of Costs, ECF No. 83, filed February 24, 2020; Plaintiff Jay Weber's ("Weber") Objections to BNSF's Bill of Costs, ECF No. 86, filed March 13, 2020; and BNSF's Response and Appendix in Support, ECF Nos. 87-88, filed March 17, 2020. By Order dated March 17, 2020, United States District Judge Reed O'Connor referred the Objections and all related responses, replies, briefs in support, appendices, etc. to the undersigned for hearing, if necessary, and determination. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **OVERRULE** Weber's Objections to BNSF's Bill of Costs, ECF No. 86, and award BNSF $10,417.04 in taxable costs.

**I.   BACKGROUND**

On May 14, 2018, Weber filed suit against BNSF, alleging denial of reasonable accommodations in the form of reassignment and granting of medical leaves of absence, discrimination by disparate treatment, interference, and retaliation, and denial of medical leave. ECF No. 1 at 4-7. Weber filed an Amended Complaint on January 2, 2019, consolidating his claims under the Federal Railroad Safety Act ("FRSA") and state law. ECF No. 14. On April 17, 2019,

the Court granted in part and denied in part BNSF's Motion to Dismiss for Failure to State a Claim, finding that Weber's Amended Complaint raised FRSA claims under only subsections (b) and (c)(2). ECF No. 29. On December 6, 2019, the Court granted BNSF's Motion for Summary Judgment in part as to Weber's disability discrimination, failure to accommodate, and FRSA claims. ECF No. 69. On February 18, 2020, the Court granted BNSF's Second Motion for Summary Judgment and dismissed Weber's remaining claim under the Family and Medical Leave Act. ECF No. 81.

On February 24, 2020, BNSF submitted its Bill of Costs in the amount of $10,417.04. ECF No. 83. Weber requested denial of the Bill, arguing that he brought his claims in good faith and has established three of the five factors outlined in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). ECF No. 86. BNSF filed its Response and Appendix in Support on March 17, 2020. ECF Nos. 87-88.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). Although this presumption is rebuttable and the district court retains the discretion not to award costs, the court must articulate "some good reason" when it reduces or denies costs to a prevailing party. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987); *Pacheco*, 448 F.3d at 794 (quoting *Schwarz*, 767 F.2d at 131).

The Fifth Circuit has not explicitly determined what reasons are sufficient to warrant withholding costs from a prevailing party. *Pacheco*, 448 F.3d at 794. Nevertheless, it has recognized "for the purpose of exposition" the following factors that other circuits have

considered: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668 (1998)). While the Fifth Circuit has subsequently declined to adopt the first and fifth factors, it has not taken a clear stance on the remaining factors. *Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013). The court has further held that the fact that a suit may have been brought in good faith alone is not sufficient to justify denying a prevailing party's cost request. *Pacheco*, 448 F.3d at 794–95.

### III.  ANALYSIS

Weber argues that the Court should deny BNSF's costs and, in any event, should stay the taxation of costs pending outcome of any appeal. ECF No. 86 at 2. However, he has not cited any authority for this request and has not made a separate argument to stay taxation of costs apart from his arguments for denial of costs. Therefore, the undersigned will only address Weber's request for denial of costs. Specifically, Weber contends that "there is significant financial disparity between BNSF, whose 2019 Form 10-K shows net income of $5,481 million, and Mr. Weber, who is unable to pay such costs and [is] unemployed." *Id.* He argues that his limited financial resources and BNSF's enormous financial resources satisfy the first and fifth *Pacheco* factors. *Id.* Additionally, he claims that he satisfied the third factor because there were close and difficult legal issues presented in this case. *Id.*

BNSF responds that its financial resources cannot be a basis for denying its recoverable costs. ECF No. 87 at 2. Additionally, it contends that Weber's alleged limited resources are an insufficient basis for denying its costs because he did not proceed in this matter *in forma pauperis*, has not presented any evidence that he lacks the resources to pay the awarded amount, and received $100,000 as his final salary at BNSF. *Id.* at 2-3. Further, BNSF argues that this case did not involve

3

close and difficult legal issues because Weber's claims were either voluntarily withdrawn or resolved at the summary judgment stage. *Id.* at 3. It also notes that Weber did not cite any case law showing that close and difficult legal issues warranted a denial of costs to the prevailing party. *Id.*

Weber's argument regarding disparity in resources is unpersuasive. Weber cites no authority for the proposition that the non-prevailing party's limited financial resources warrant denial of costs to the prevailing party. To the contrary, the Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320 ("[W]e decline to disturb the careful balance established by the Federal Rules, which provide that taxable costs are presumptively awarded to the prevailing party."). Moreover, Weber did not proceed in this case *in forma pauperis*, nor has he offered evidence showing that he cannot afford to pay BNSF's costs. Even assuming that Weber brought this suit in good faith, without evidence of his inability to pay due to limited financial resources, his statements alone are insufficient to overcome the strong presumption that the prevailing party should recover its costs. *See Gaines v. Techline, Inc.*, No. 1:13-CV-00576, 2017 WL 5505989, at *3 (W.D. La. Nov. 16, 2017) (plaintiff who prosecuted case in good faith required to pay costs absent evidence of indigence); *Williams v. J.B. Hunt Transp., Inc.*, No. 4:13-CV-02510, 2016 WL 4445442, at *4 (S.D. Tex. Aug. 24, 2016) (plaintiff's statements of "limited resources" was "insufficient to support his claim of indigency.").

Weber's argument that this lawsuit involved close and difficult legal issues is equally unpersuasive. As BNSF notes, all of Weber's claims were either voluntarily withdrawn or dismissed at summary judgment under well-settled law. Additionally, prosecution of a claim in good faith is insufficient to justify the denial of costs to the prevailing party. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 (5th Cir. 2015) (quoting *Pacheco*, 448 F.3d at 795).

Accordingly, Weber has not overcome the strong presumption in favor of awarding costs on this ground.

## IV. CONCLUSION

Because Weber has not shown "good reasons" why costs should not be taxed against him, and no reason why the Court should decline to award costs pending his appeal, the undersigned **RECOMMENDS** that Judge O'Connor **OVERRULE** Weber's Objections to BNSF's Bill of Costs, ECF No. 86, and award BNSF $10,417.04 in taxable costs.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 29, 2020.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE